IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PATRICK McDONOUGH,
on behalf of himself and all others
similarly situated,

               Plaintiff,

      v.

WESTCONSIN CREDIT UNION,

               Defendant.

OPINION and ORDER

14-cv-705-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRIAN EGGEN and MARY EGGEN,
on behalf of themselves and all others
similarly situated,

               Plaintiffs,

WESTCONSIN CREDIT UNION,

               Defendant.

OPINION and ORDER

14-cv-873-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FRANK ARNZEN and RENA CLEVELAND,
on behalf of themselves and all other similarly
situated,

               Plaintiffs,

WESTCONSIN CREDIT UNION,

               Defendant.

OPINION and ORDER

15-cv-29-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

These three proposed class actions arise out of pleadings filed years ago by defendant WESTconsin Credit Union in small claims actions in which it was suing the plaintiffs for defaulting on consumer loans.  Plaintiffs allege that, in each of the complaints filed in small

claims court, defendant included plaintiffs' Social Security numbers and driver's license numbers, in violation of the Driver's Privacy Protection Act (18 U.S.C. §§ 2721-2725), the Wisconsin Consumer Act (Wis. Stat. §§ 421.101-427.105), Wisconsin's privacy law (Wis. Stat. § 995.50) and the common law of nuisance. The parties agree that jurisdiction is present under 28 U.S.C. §§ 1331 and 1367.

Defendant has filed motions in each case under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Because these motions were filed after defendant filed answers and raised affirmative defenses, the motions are more accurately classified as motions for judgment on the pleadings under Fed. R. Civ. P. 12(c). Yassan v. J.P. Morgan Chase and Co., 708 F.3d 963, 975-76 (7th Cir. 2013). Further, although only one of defendant's three motions is called "motion for partial dismissal" (the other two are called simply "motion to dismiss"), a review of defendant's motions reveals that they are nearly identical and that all of them address only two of the four claims included in plaintiffs' complaints, the Wisconsin Consumer Act and Wisconsin's privacy law. Because defendants have not raised any arguments about plaintiffs' claims under the federal privacy statute or nuisance common law, I have not considered those claims in this order.

In its motions, defendant argues that plaintiffs' claims under the Wisconsin Consumer Act and the state privacy law are barred by the statute of limitations. In addition, defendant argues that plaintiffs' allegations "do not rise to the level of a private cause of action under" the Wisconsin Consumer Act and that publication of driver's license numbers and Social Security numbers does not violate Wisconsin's privacy law.

None of the plaintiffs responded to defendant's argument regarding the scope of the state privacy law, so that argument is forfeited. Stransky v. Cummins Engine Co., Inc., 51 F.3d 1329, 1335 (7th Cir. 1995) ("[W]hen presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action. The federal courts will not invent legal arguments for litigants."). In addition, I agree with defendants that plaintiffs' claims under the Wisconsin Consumer Act and the state privacy law are

2

barred by the statute of limitations.  Accordingly, it is unnecessary to consider defendant's remaining arguments about the Wisconsin Consumer Act.

## OPINION

Defendant argues that the statute of limitations has expired on all of plaintiffs' claims under the Wisconsin Consumer Act and the state privacy law.  For the reasons discussed below, I agree.

### A.  Applicable Statute of Limitations

The first question is which statute of limitations applies.  The parties debate that issue with respect to both claims.

### 1.  Wisconsin Consumer Act

The limitations period for claims brought under the Wisconsin Consumer Act is set out in Wis. Stat. § 425.307(1):

> Any action brought by a customer to enforce rights pursuant to chs. 421 to 427 shall be commenced within one year after the date of the last violation of chs. 421 to 427, 2 years after consummation of the agreement or one year after last payment, whichever is later, except with respect to transactions pursuant to open-end credit plans which shall be commenced within 2 years after the date of the last violation; but no action may be commenced more than 6 years after the date of the last violation.

This provision includes multiple limitations periods.  First, it says that a "customer" must bring her claim within one or two years of specified actions.  Second, it says that all actions must be brought within six years of the last alleged violation.  In this case, both sides ignore the limitations periods related to "consummation of the agreement" and "last payment," so I will assume that those provisions are not relevant to this case. Thus, the question is whether plaintiffs were required to bring these actions within one or six years of defendants' last alleged violation of the Wisconsin Consumer Act.

The statute does not identify the purpose of the six-year limitations period, but  I see

at least two possibilities. One is that it is meant to apply to anyone who is not a "customer." For example, in <u>Jacobson v. Consumer Portfolio Services, Inc.</u>, No. 10-cv-643-bbc (W.D. Wis. Feb. 28, 2011), I concluded that Jacobson could sue for a violation the Wisconsin Consumer Act, even though he did not meet the statutory definition of "customer," because the remedies provision of the Act refers broadly to "a person injured by [a] violation of this chapter," rather than just a "customer." Wis. Stat. § 427.105(1). Further, I concluded that the limitations period in the first part of § 425.307(1) did not apply to Jacobson because that limitations period applies to "customers" only.

A second possible purpose of the six-year deadline is that it is meant to bar claims in situations in which the other limitations periods might allow a claim to be brought more than six years after the last violation. For example, if a defendant violates the Act in some way during the beginning of the parties' relationship and the plaintiff continues to make payments for many years, the provision that allows a plaintiff to bring a claim "one year after last payment" could lead to claims brought long after the "last violation" occurred.

Regardless of the reason the six-year limitations period was included, the language of the statute makes it clear that the six-year deadline is not a way for a plaintiff to avoid the deadlines in the first part of the statute. That part of the statute says that a lawsuit "shall be commenced" within one or two years of certain events. In other words, if the plaintiff is a customer and he cannot meet the limitations periods in the first part of the statute, he cannot rely on the last part of the statute to *extend* his limitations period.

In arguing for a six-year limitations period in this case, plaintiffs cite <u>Jacobson</u>, but that case is not instructive. Although I concluded in <u>Jacobson</u> that the one-year and two-year limitations periods did not apply, that decision rested entirely on the fact that the plaintiff did not meet the statutory definition of "customer." Under Wis. Stat. § 421.301(17), a "customer" includes "a person . . . who seeks or acquires . . . money or credit for personal, family or household purposes." Because plaintiffs allege that they obtained consumer loans from defendant, it seems clear that they fall within the statutory definition

4

of "customer." Further, plaintiffs allege affirmatively in their complaints that they meet the statutory definition. E.g., Cpt. ¶ 7, dkt. #1, case no. 14-cv-705-bbc. Thus, there is no plausible argument that any limitations period applying to a "customer" does not apply to plaintiffs.

Plaintiffs also cite Zehetner v. Chrysler Financial Co., LLC, 2004 WI App 80, 272 Wis. 2d 628, 679 N.W.2d 919, for the proposition that they can be both "persons" and "customers." Of course, that is true because all customers are also persons, but that does not help plaintiffs. They seem to believe that anyone who qualifies as a "person" under § 427.105(1) is entitled to the six-year limitations period in § 425.307(1), but they have no support for that argument, either in the case law or the language of the statute.

The first part of § 425.307(1) is clear that it provides a limitations period for anyone who is a "customer"; it does not say that a customer who is also a "person" under § 427.05(1) gets a different limitations period. Adopting plaintiffs' position would render superfluous the limitations periods in the first part of the statute. Janssen v. State Farm Mutual Automobile Insurance Co., 2002 WI App 72, ¶ 13, 251 Wis. 2d 660, 668, 643 N.W.2d 857, 860 ("[I]n interpreting a statute, courts must attempt to give effect to every word so as not to render any portion superfluous.").

Accordingly, I conclude that the first part of § 425.307(1) applies to plaintiffs' claims. Because plaintiffs do not argue that the limitations periods related to "consummation of the agreement" and "last payment" are relevant, I conclude that the relevant statute of limitations is one year from the date of defendant's last alleged violation of the Wisconsin Consumer Act.

2. Wisconsin privacy law

Defendant cites Wis. Stat § 893.57 as providing the relevant statute of limitations for plaintiffs' state law privacy claim. That statute provides the limitations period for "intentional tort[s]," including "invasion of privacy." On February 25, 2010, § 893.57 was

amended to extend the limitations period from two years to three years. 2009 Wis. Act 120. Plaintiffs rely on Wis. Stat. § 893.93(a)(1), which provides a six-year limitations period for "[a]n action upon a liability created by statute when a different limitation is not prescribed by law."

On the face of these statutes, it seems obvious which one applies to plaintiffs in this case. Their suit for an invasion of privacy is listed as an intentional tort in § 893.57, which provides the relevant limitations period. Therefore, the catch-all provision in § 893.93(a)(1) does not apply. E.g., Beal v. Wyndham Vacation Resorts, Inc., 956 F. Supp. 2d 962, 972 (W.D. Wis. 2013) (applying § 893.57 to claim under § 995.50).

In an attempt to escape this straightforward conclusion, plaintiffs argue that § 893.57 applies only to "common law" privacy claims, not statutory claims. Defendant denies that Wisconsin recognizes a common law claim for invasion of privacy, but even if I assume that both types of claims exist, plaintiffs' argument fails because § 893.57 applies to all intentional torts, including invasion of privacy. The statute does not distinguish between "common law" and "statutory" claims. Because plaintiffs admit that their claims "sound in tort," e.g., Plts.' Br., dkt. #18, at 25, case no. 14-cv705-bbc, I see no reason not to apply § 893.57.

## B. Continuing Violation Theory

The general rule in Wisconsin is that the statute of limitations begins to run when the injured party discovers, or with reasonable diligence should have discovered, that he was injured by the defendant's conduct. Gumz v. Northern States Power Co., 2007 WI 135, ¶ 26, 305 Wis. 2d 263, 275, 742 N.W.2d 271, 276-77. In this case, there is no dispute that plaintiffs had notice of their alleged injuries at the time that defendant disclosed their personal information in pleadings filed in the small claims actions, which was in 2009 for plaintiffs Patrick McDonough, Frank Arnzen and Rena Cleveland and in 2010 for plaintiffs Mary Eggen and Bradley Eggen.

6

Plaintiffs filed these cases in late 2014. As discussed above, all of the claims implicated by defendants' motion to dismiss have a limitations period of three years or less. Therefore, if plaintiffs' claims accrued when defendant filed its pleadings in small claims court, then all of plaintiffs' claims under the Wisconsin Consumer Act and the Wisconsin privacy law are barred by the statute of limitations.

Plaintiffs argue that the statute of limitations did *not* begin running when defendant filed its pleadings in small claims court. Rather, plaintiffs' view is that a new violation and a new injury for the purpose of the statute of limitations occurred each day their personal information remained available to the public in court records. Because defendant never asked the small claims courts to strike, seal or redact its pleadings, plaintiffs say that their claims continued to accrue every day until the court granted *plaintiffs'* motions to seal the documents within the last few months. Plaintiffs refer to their argument as an example of the "continuing violation" theory.

Although the application of a statute of limitations to a state cause of action is a question of state law, e.g, Northfield Insurance Co. v. City of Waukegan, 701 F.3d 1124, 1133 (7th Cir. 2012) (applying state law to determine whether continuing violation doctrine applied to state tort claim); Hukic v. Aurora Loan Services, 588 F.3d 420, 436 (7th Cir. 2009) (same), plaintiffs do not cite any Wisconsin cases to support their argument. Nor do they acknowledge this court's recent decision in Beal, 956 F. Supp. 2d 962, in which I considered the scope of the continuing violation doctrine under Wisconsin law. After reviewing Wisconsin case law, I concluded that "the doctrine applies to claims premised on a continuing course of related acts that cause injury to the plaintiff, as opposed to several separate, discrete events that would be actionable by themselves." Id. at 974. In reaching this conclusion, I cited Kolpin v. Pioneer Power & Light Co., Inc., 162 Wis .2d 1, 23, 469 N.W.2d 595, 604 (1991), in which the court held that the continuing violation doctrine did not apply because the plaintiff's claim was premised on "one act of negligence" rather than on a "series" of continuing negligent acts. In addition, I cited Bowen v. Labor & Indus.

7

Review Commission, 2007 WI App 45, ¶¶ 14–16, 299 Wis. 2d 800, 813–14, 730 N.W.2d
164, 170–71, in which the court applied the doctrine to a discrimination claim that involved
repeated acts of sexual harassment.   See also Tamminen v. Aetna Casualty & Surety Co.,
109 Wis.2d 536, 558–59, 327 N.W.2d 55, 65 (1982) (continuing violation doctrine applied
because "entire course of conduct" at issue—medical negligence—should be viewed as "a
unitary episode" rather than discrete acts); In re Gerhard G. Poehling Family Trust u/a, 348
Wis. 2d 763, No. 2012AP1817, 2013 WL 2088946, at *40 (Ct. App. May 16, 2013)
(continuing violation does not apply to discrete acts, which are acts that "occurred
independently, could be distinguished on an individual basis, and had corresponding,
ascertainable injuries").

    In this case, defendants' conduct does not involve a series of related acts.  Rather,
plaintiffs' alleged injuries flow from a single discrete act, which is the filing of pleadings that
included plaintiffs' personal information.  Plaintiffs do not allege that defendant disclosed
their personal information again after including it as part of the small claims complaints.

    Although plaintiffs allege that defendants' single act continued to harm them (or
subjected them to a continuing risk of harm), that is not enough to trigger the continuing
violation doctrine under Wisconsin law, a point the Wisconsin Supreme Court made clear
in Kolpin.  In that case, the plaintiff was a dairy farmer who was suing a power company  on
the theory that company's electrical system had harmed his cattle through stray voltage.  The
defendant raised a statute of limitations defense, but the circuit court rejected the argument,
adopting a position similar to the one plaintiffs argue in this case:

> The negligence of the Defendants was continuing negligence of failure to act.
> They had as such reason and cause to know that their distribution system was
> causing damage to the Plaintiff, and each day that they failed to take proper
> steps to correct that negligence was a new damaging act, a continuum of
> negligence. That negligence of lack of action continued right up to November
> of 1983 when the Plaintiffs, at their own expense, installed a system to divert
> the stray voltage coming from the Defendant's lines.

Kolpin, 162 Wis. 2d at 15-16, 469 N.W.2d at 600.   The supreme court reversed the circuit
court:

> In the case before the court, one act of negligence is alleged. That is, that "the defendant was negligent in the equipment used and the distribution system used in providing electrical services to the plaintiffs' farm during the time periods material to this claim." . . . [T]he plaintiff's injuries were not the result of a series of negligent acts in a continuum. *Although the injuries to the plaintiff's cows continued over a period of time*, the alleged act of negligence was the use of a distribution system which allowed stray voltage to reach the Kolpin's cows. No series of separate negligent acts is alleged.

Kolpin, 162 Wis. 2d at 24-25, 469 N.W.2d at 604 (emphasis added). Thus, the key question under Wisconsin law is whether the plaintiff can point to a series of tortious acts; the fact that plaintiffs may have continued to suffer harm from one tortious act could be relevant to plaintiffs' damages, but it does not stop the statute of limitations from running.

This approach is consistent with federal law. For example, in Bogenschneider v. Kimberly Clark Global Sales, LLC, No. 14-cv-743-bbc, 2015 WL 796672, at *8 (W.D. Wis. Feb. 25, 2015), I concluded that the continuing violation doctrine did not apply to a claim that the defendant had retaliated against Bogenschneider by filing a counterclaim against him in state court. Like the plaintiff in this case, Bogenschneider argued that the continuing violation should apply because the counterclaim continued to harm him until the defendant withdrew it. However, I rejected that argument because Bogenschneider had identified only one discrete act that harmed him, which was the filing of the counterclaim. See also Limestone Development Corp. v. Village of Lemont, Illinois, 520 F.3d 797, 801 (7th Cir. 2008) ("The statute of limitations begins to run upon injury (or, as is standardly the case with federal claims, upon discovery of the injury) and is not tolled by subsequent injuries."); Savory v. Lyons, 469 F.3d 667, 672–73 (7th Cir. 2006) (continuing violation doctrine does not apply to "a discrete act" that has "lingering consequences"); Palmer v. Board of Education of Community Unit School District 201-U, Will County, Illinois, 46 F.3d 682, 685-86 (7th Cir. 1995) ("[W]hen there is only one wrongful act, the claim accrues with the first injury."). The federal cases outside the nuisance context cited by plaintiffs are distinguishable because they both involved a course of conduct rather than a single act. Heard v. Sheahan, 253 F.3d 316 (7th Cir. 2001) (inadequate medical care over multiple years); Taylor v. Meirick, 712 F.2d 1112 (7th Cir. 1983) (copyright infringement over

9

multiple years).

In their briefs, plaintiffs compare their claims under the Wisconsin Consumer Act and the Wisconsin privacy law to a nuisance claim, which they say is "the archetype of a continuing violation." Plts.' Br. dkt. #18, at 6, case no. 14-cv-705-bbc. Although plaintiffs do not cite any Wisconsin law adopting that view, in <u>Beal</u>, 965 F. Supp. at 973, I cited <u>Sunnyside Feed Co., Inc. v. City of Portage</u>, 222 Wis.2d 461, 466, 588 N.W.2d 278, 281 (Ct. App. 1998), in which the court distinguished "permanent" and "continuing" nuisances for statute of limitations purposes. Relying on California law, the court stated that, "[t]o recover for a permanent nuisance, plaintiffs ordinarily are required to bring one action for all past, present and future damage within the statutory period," but for a continuing nuisance, "persons harmed by it may bring successive actions for damages until the nuisance is abated." <u>Sunnyside</u>, 222 Wis. 2d at 469, 588 N.W.2d at 282. In defining a "continuing nuisance," the court identified two relevant factors to consider: "(1) whether it constitutes an ongoing or repeated disturbance or harm, and (2) whether it can be discontinued or abated." <u>Id.</u>

In this case, it is questionable whether defendants' conduct qualifies as an "ongoing or repeated disturbance" under <u>Sunnyside</u>. Further, even if I assume that the continuing violation doctrine is applied more liberally in the context of nuisance claims, defendant has not moved to dismiss plaintiffs' nuisance claims at this time, so it is not necessary to decide whether plaintiffs' allegations qualify as a "continuing nuisance" under Wisconsin law.

I am not aware of any cases in which Wisconsin courts have applied the <u>Sunnyside</u> standard to any type of claim other than nuisance. In fact, if the ability to "discontinue[] or abate[]" a harm were sufficient as a general matter to qualify as a continuing violation, then cases such as <u>Kolpin</u> would have been decided differently. As noted in the law review article plaintiffs cite, there are both historical and practical reasons that nuisance claims may be treated differently from other claims. Kyle Graham, <u>The Continuing Violations Doctrine</u>, 43 Gonz. L. Rev. 271, 309 (2008) (applying continuing violation to nuisance claim allows

parties time to determine how harmful nuisance is, particularly when nature and extent of harm may not be immediately apparent).  Accordingly, I decline to apply the continuing violation doctrine to plaintiffs' claims under the Wisconsin Consumer Act and the Wisconsin privacy law and I am granting defendant's motion to dismiss those claims as barred by the statute of limitations.


ORDER

IT IS ORDERED that the motions to dismiss filed by defendant WESTconsin Credit Union, dkt #8 (in case no. 14-cv-705-bbc), dkt. #8 (in case no. 14-cv-873-bbc) and dkt. #5 (in case no. 15-cv-29-bbc), are GRANTED.  The claims brought by plaintiffs Patrick McDonough, Bradley Eggen, Mary Eggen, Frank Arnzen and Rena Cleveland under the Wisconsin Consumer Act and Wis. Stat. §. 995.50 are DISMISSED.  Plaintiffs' claims under the Driver's Privacy Protection Act and common law nuisance will proceed.

Entered this 20th day of March, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

11