IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PATRICK McDONOUGH,
on behalf of himself and all others
similarly situated,

                                                                              ORDER

                Plaintiff,

                                                                              14-cv-705-bbc

      v.

WESTCONSIN CREDIT UNION,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRIAN EGGEN and MARY EGGEN,
on behalf of themselves and all others
similarly situated,

                                                                              ORDER

                Plaintiffs,

                                                                              14-cv-873-bbc

WESTCONSIN CREDIT UNION,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FRANK ARNZEN and RENA CLEVELAND,

                                                                              ORDER

                Plaintiffs,

                                                                              15-cv-29-bbc

WESTCONSIN CREDIT UNION,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In each of these cases, the plaintiffs asserted claims under the Driver's Privacy Protection Act (18 U.S.C. §§ 2721-2725), the Wisconsin Consumer Act (Wis. Stat. §§ 421.101-427.105), Wisconsin's privacy law (Wis. Stat. § 995.50) and the common law of nuisance. In an order dated March 20, 2015, I granted defendant WESTconsin Credit Union's motion to dismiss all of plaintiffs' claims arising under the Wisconsin Consumer Act and Wis. Stat. § 995.50 as barred by the statute of limitations. Now defendant has filed a letter in which it points out that I overlooked an argument at the end of its briefs in case no. 14-cv-705-bbc and case no. 15-cv-29-bbc that those plaintiffs' claims under the Driver's Privacy Protection Act are barred by the statute of limitations as well. (Defendant's letter does not apply to case no. 14-cv-873-bbc, presumably because defendant believes that the federal privacy claim in that case is timely.) Because the parties have briefed this issue, it is not necessary to wait for plaintiffs to respond to defendant's letter.

The parties agree that the Driver's Privacy Protection Act does not have its own statute of limitations provision and that the four-year limitations period in 28 U.S.C. § 1658 applies. Plts.' Br., dkt. #18, at 8, case no. 14-cv-705-bbc; Plts.' Br. dkt. #8, at 8, case no. 15-cv-29-bbc. Further, it is undisputed that plaintiffs in case nos. 14-cv-705-bbc and 15-cv-29-bbc had notice of their alleged injury (disclosure of their personal information in pleadings in small claims court) in 2009. Id. Because plaintiffs filed their federal cases in late 2014, plaintiffs acknowledge that, "[a]bsent an exception to the 4 year limit, [plaintiffs']

claims would otherwise be time-barred." Id.

In arguing that their claims under the Driver's Privacy Protection Act should not be dismissed, plaintiffs rely entirely on the "continuing violation" doctrine, which plaintiffs say "extends the applicable statute of limitations where a violation of a statute is ongoing or continuing." Plaintiffs argue that the continuing violation doctrine should apply in this case because defendant's alleged violation of their rights continued to harm them until the small claims pleadings were sealed in 2014. I rejected this argument with respect to plaintiff's claims under the Wisconsin Consumer Act and Wis. Stat. § 995.50 on the ground that the continuing violation doctrine does not apply to situations such as plaintiffs' in which a discrete act is alleged to have continuing consequences.

Plaintiffs' alleged injuries are the same with respect to all of their claims. In particular, plaintiffs allege that defendant subjected them to a risk of harm when it included their Social Security numbers and driver's license numbers in pleadings filed in small claims court. Although the claims at issue in the March 20 order arose under state law, I noted in that order that Wisconsin's application of the continuing violation doctrine is consistent with the doctrine as it is applied under federal law. Accordingly, I am dismissing plaintiffs' claims under the Driver's Privacy Protection Act in case nos. 14-cv-705-bbc and 15-cv-29-bbc because the limitations period on those claims has expired.

The remaining question is what happens to the rest of case nos. 14-cv-705-bbc and 15-cv-29-bbc. Defendant asks for an "Order dismissing McDonough's Complaint with prejudice," dkt. #9 at 22, case no. 14-cv-705-bbc, and for an "Order dismissing the Arnzens'

Complaint with prejudice," dkt. #6 at 21, case no. 15-cv-29-bbc. These requests are curious because defendant has *not* requested dismissal of plaintiffs' nuisance claims in these cases. In fact, defendant acknowledged in its briefs that the nuisance claims are "not at issue" in the motions to dismiss. Dkt. #20 at 2, case no. 14-cv-705-bbc; dkt. #13 at 2, case no. 15-cv-29-bbc.

Although it is clear that defendant is not entitled to dismissal of plaintiffs' complaints with prejudice, the dismissal of the federal privacy claims in two cases raises another question that the parties did not address in their briefs and that defendant did not address in its letter. Plaintiffs' claims under the Driver's Privacy Protection Act are the only claims that plaintiffs are asserting under federal law. This is important because the parties are relying solely on 28 U.S.C. § 1367 as a basis for exercising jurisdiction over the state law claims in this case. Under § 1367, a federal court may exercise jurisdiction over state law claims if they arise out of the same facts as federal claims that are being asserted in the same case. When all the federal claims are dismissed at an early stage of the case, the general rule is that the court should relinquish jurisdiction over the state law claims in accordance with § 1367(c)(3). E.g., Segal v. Geisha NYC LLC, 517 F.3d 501, 506 (7th Cir. 2008).

This raises the question whether I should dismiss case no. 14-cv-705-bbc for lack of jurisdiction and remand case no. 15-cv-29-bbc for the same reason. (Plaintiffs filed case no. 14-cv-705-bbc in federal court; defendant removed case no. 15-cv-29-bbc from state court.) Although there may be arguments that the remaining claim under the Driver's Privacy Protection Act in case no. 14-cv-783-bbc is sufficient to retain jurisdiction over the state law

4

claims in the other two cases now that all three cases have been consolidated, none of the parties in any of the cases have addressed that issue. Accordingly, I will give the parties an opportunity to be heard on the question whether case nos. 14-cv-705 and 15-cv-29-bbc should be dismissed under § 1367(c)(3).


ORDER

IT IS ORDERED that

1. Defendant WESTconsin Credit's motion for reconsideration, dkt. #24 (case no. 14-cv-705-bbc), dkt. #34 (case no. 14-cv-873-bbc) and dkt. #17 (case no. 15-cv-29-bbc), is GRANTED and the claims of plaintiffs Patrick McDonough, Frank Arnzen and Rena Cleveland under the Driver's Privacy Protection Act in case nos. 14-cv-705-bbc and 15-cv-29-bbc are DISMISSED.

2. The parties may have until April 8, 2015, to show cause why the court should not relinquish jurisdiction over case nos. 14-cv-705-bbc and 15-cv-29-bbc in accordance with 28 U.S.C. § 1367(c)(3).

Entered this 24th day of March, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

5